**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| ANTOINETTE COOPER, | ) | C.A. NO. 4:14-CV-706-PMD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **AMENDED ANSWER** |
| | ) | **(Jury Trial Demanded)** |
| OMNI INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

TO: PLAINTIFF ANTOINETTE COOPER AND HER ATTORNEY PAMELA R. MULLIS:

Now comes Omni Insurance Company (hereinafter the "Defendant" or "Omni") answering the Complaint of Plaintiff. Defendant notes that each and every allegation of the Plaintiff's Complaint not specifically admitted is denied.

1. Omni admits, upon information and belief, Paragraph One of the Complaint.

2. Omni notes there is no Paragraph Two in the Complaint.

3. Omni admits only so much of the allegations contained in Paragraph Three of the Complaint alleging it is a corporation organized and existing under the laws of another state, and that it lawfully conducts business in the County of Florence, South Carolina. The remaining allegations are denied as written.

4. Paragraph Four of the Complaint states a conclusion(s) of law which Omni is neither required to admit nor deny.

5. Upon information and belief, Omni admits Plaintiff has made these contentions contained in Paragraph Five of the Complaint previously against Benjamin Spears.

6. Omni believes the allegations contained in Paragraph Six of the Complaint are correct but craves reference to the verdict form for the precise amounts awarded.

1

7. Omni notes there is no Paragraph Seven in the Complaint.

8. Responding to Paragraph Eight of the Complaint, Omni admits Benjamin Spears executed what purports to be an "Assignment of Claims" on March 4, 2013 and craves reference to the same as to its alleged terms and provisions.

9. Responding to Paragraph Nine of the Complaint, Defendant repeats and realleges each and every answer to the Complaint as if fully set forth herein verbatim. To be clear, Defendant denies any allegation or attempted allegation of liability or other wrongdoing that may be included in Paragraph Nine of the Complaint.

10. Omni admits only so much of the allegations contained in Paragraph 10 of the Complaint alleging it insured Benjamin Spears at the time of the subject accident and craves reference to the policy of insurance for its terms, coverages, and provisions.

11. Upon information and belief, Omni admits Plaintiff has made the contentions contained in Paragraph 11 of the Complaint.

12. Omni denies the allegations contained in Paragraph 12 of the Complaint.

13. Omni denies the allegations contained in Paragraph 13 of the Complaint alleging Plaintiff's demands and actions were reasonable. The remaining allegations are conclusions of law to which no response is required.

14. Omni denies the allegations contained in Paragraph 14 of the Complaint and notes it attempted tender of policy limits to Plaintiff on several occasions yet Plaintiff refused said offers in an effort to create the claims which give rise to this lawsuit.

15. Omni denies the allegations contained in Paragraph 15 of the Complaint and, in so doing, notes expressly that Plaintiff fails to state the specific basis to her purported "right to relief."

## RESPONDING TO PLAINTIFF'S
## AD DAMNUM AND/OR PRAYER FOR RELIEF

16.     Defendant denies that Plaintiff is entitled to recovery as prayed for in Plaintiff's *Ad Damnum* Clause and/or Prayer for Relief.

## FURTHER ANSWERING AND FOR
## A FURTHER AND AFFIRMATIVE DEFENSE
(Failure to State a Claim)

17.     Plaintiff's Complaint fails to state a claim upon which relief may be granted and Plaintiff's Complaint should therefore be dismissed pursuant to Rule 12(b)(6), FRCP.

## FURTHER ANSWERING AND FOR
## A FURTHER AND AFFIRMATIVE DEFENSE
(Good faith)

18.     Omni acted in good faith and possessed objectively reasonable bases for the manner in which it handled the claim and tenders that are the subject of this action, especially in light of the factual and legal issues it faced at the time of Plaintiff's time limit demands.

## FURTHER ANSWERING AND FOR
## A FURTHER AND AFFIRMATIVE DEFENSE
(Compliance with Laws and Regulations)

19.     Plaintiff's claims are barred, in whole or in part, by virtue of the fact that the Defendant at all times relevant hereto, complied with all applicable laws and regulations.

## FURTHER ANSWERING AND FOR A
## FURTHER AND AFFIRMATIVE DEFENSE
(Regarding claims for punitive damages)

20.     To the extent applicable, Defendant pleads S.C. Code Ann. § 15-32-520, et seq.

**FURTHER ANSWERING AND FOR A
FURTHER AND AFFIRMATIVE DEFENSE**
(Unconstitutionality of Punitive Damages)

21. Plaintiff's actions in refusing Omni's full policy tenders were not in good faith and were done for the sole purpose of attempting to create this lawsuit at issue and attempting to extend Spear's contracted policy limits into one without limits.

**FURTHER ANSWERING AND FOR A
FURTHER AND AFFIRMATIVE DEFENSE**
(Mistake Insufficient)

22. A mere mistake or inadvertence are not sufficient to establish claims for bad faith against an insured, especially where all parties concede the property damage in issue is significantly less than that specified policy limit for property damages and the insurer has competing demands from Plaintiff's carrier for entitlement to certain funds property coverage under the insured's policy.

**FURTHER ANSWERING AND FOR A
FURTHER AND AFFIRMATIVE DEFENSE**
(No Bad Faith Due to Time Limit Demand)

23. The failure of an insurer to settle a claim within an arbitrary deadline established by Plaintiff's counsel does not establish bad faith.

**FURTHER ANSWERING AND FOR
A FURTHER AND AFFIRMATIVE DEFENSE**
(Reliance on Other and Further Defenses)

24. Defendant hereby gives notice that it intends to rely upon such other further and affirmative defenses as may become available or apparent during the course of discovery, and thus reserve the right to amend their Answer accordingly to assert any such defenses.

# FURTHER ANSWERING AND FOR
# A FURTHER AND AFFIRMATIVE DEFENSE
(Unconstitutionality of Punitive Damages)

25. The Plaintiff's claim, if any, for punitive damages violates the Fifth, Sixth, Seventh, and Fourteenth Amendments of the Constitution of the United States in the following particulars:

(A) The Plaintiff's claim, if any, for punitive damages violates the Fifth Amendment for the following reasons:

(1) The double-jeopardy clause is violated because multiple awards of punitive damages can be imposed upon a defendant for the same act or omission, and because an award of punitive damages can be imposed upon a defendant, even though the defendant was convicted or acquitted of a factually related defense in an underlying criminal proceeding; and

(2) The self-incrimination clause is violated because a defendant can be compelled to give testimony against itself;

(B) The Plaintiff's claim, if any, for punitive damages violates the Sixth and Fourteenth Amendments because such damages may be imposed according to the lesser standard of proof applicable in civil cases, whereas punitive damages are a fine or penalty and are quasi-criminal in nature and, as such require the "beyond the reasonable doubt" standard of proof;

(C) The Plaintiff's claim, if any, for punitive damages violates Omni's right to access to the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills Omni's exercise of that right;

(D) The Plaintiff's claim, if any, for punitive damages violates the due process and equal protection clauses of the Fourteenth Amendment for the following reasons:

(1) The standard or test for determining the requisite mental state of a defendant for imposition of punitive damages is void for vagueness;

(2) Insofar as punitive damages are not measured against actual injury to the Plaintiff and are left up to the discretion of the jury, there is no objective standard that limits the amount of such damages that may be awarded, and the amount of punitive damages that may be awarded is indeterminate at the time of Omni's alleged egregious conduct;

(3) In cases involving more than one defendant, the evidence of the net worth of each is admissible, and the jury is permitted to award punitive damages in differing amounts based upon the affluence of a given defendant;

(4) The tests or standards for the imposition of punitive damages differ from state to state, such that a specific act or omission of a given defendant may or may not result in the imposition of punitive damages, or may result in differing amounts of punitive damages, depending upon the state in which the suit is filed, such that the defendant is denied equal protection of law; and

(5) Punitive damages may be imposed without a requisite showing of hatred, spite, ill will, or wrongful motive.

**FURTHER ANSWERING AND FOR  
A FURTHER AND AFFIRMATIVE DEFENSE**  
(Reliance on Claims Professionals)

26. Omni relies on the training, experience, and knowledge of its claims professionals in handling all claims.

**FURTHER ANSWERING AND FOR
A FURTHER AND AFFIRMATIVE DEFENSE**
(Lack of Standing / Settlement and Release)

27. Plaintiff was fully paid for property damage by her own insurance carrier, upon information and belief, and executed a related release, and Plaintiff's carrier has been repaid in full for Plaintiff's property damages by Defendant.

**FURTHER ANSWERING AND FOR
A FURTHER AND AFFIRMATIVE DEFENSE**
(Laches)

28. Plaintiff's claims are barred by the equitable doctrine of laches.

**FURTHER ANSWERING AND FOR
A FURTHER AND AFFIRMATIVE DEFENSE**
(Unclean Hands)

29. Plaintiff's claims are barred by the equitable doctrine of unclean hands.

**FURTHER ANSWERING AND FOR
A FURTHER AND AFFIRMATIVE DEFENSE**
(Accord and Satisfaction)

30. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

**FURTHER ANSWERING AND FOR
A FURTHER AND AFFIRMATIVE DEFENSE**
(Collusion)

31. Plaintiff's claims may be the product of collusion, fraud, reverse bad faith, and/or other wrongful and inequitable conduct (upon information and belief at this time), thus Defendant reserves all rights as to these defenses.

WHEREFORE, having fully answered Plaintiff's Complaint, the Defendant prays that this Honorable Court dismiss the Plaintiff's case entirely, together with awarding the Defendant

the costs and disbursements of this action, and such other and further relief as this Court deems proper.  The Defendant also requests a trial by jury.

>YOUNG CLEMENT RIVERS, LLP
>
>By: \_\_\_\_s/Joanna Stroud_____
>Stephen L. Brown    Federal I.D. No.: 6428
>Russell G. Hines    Federal I.D. No.: 9813
>Joanna Stroud    Federal I.D. No.: 11245
>P.O. Box 993, Charleston, SC 29402
>25 Calhoun Street, Suite 400, Charleston, SC 29401
>Phone: (843) 720-5488; Fax: (843) 579-1369
>E-mail:    sbrown@ycrlaw.com
>        rhines@ycrlaw.com
>        jstroud@ycrlaw.com
>Attorneys for the Defendant Omni Insurance Co.

Charleston, South Carolina

Dated: \_\_\_June 25, 2014\_\_\_\_