IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ANTOINETTE COOPER, | ) | C.A. NO. 4:14-CV-706-BHH |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | **MOTION TO STRIKE OR DISMISS** |
| | ) | **AFFIRMATIVE DEFENSES** |
| OMNI INSURANCE COMPANY, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| _____ | ) | |

PLEASE TAKE NOTICE that Plaintiff, Antoinette Cooper, by and through her undersigned counsel, gives notice of her intent to move and does so move, pursuant to Rule 12 of the Federal Rules of Civil Procedure, for an order of this Court dismissing or striking Defendant's affirmative defenses as asserted by the Amended Answer.

Respectfully Submitted,

July 11, 2014

s/Pamela R. Mullis_____
Pamela R. Mullis, Fed. I.D. # 7254
Mullis Law Firm
Post Office Box 7757
Columbia, South Carolina 29202
(803) 799-9577

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ANTOINETTE COOPER, | ) | C.A. NO. 4:14-CV-706-BHH |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| vs. | ) | **MOTION TO STRIKE OR DISMISS** |
| | ) | **AFFIRMATIVE DEFENSES** |
| OMNI INSURANCE COMPANY, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| _____ | ) | |

## STATEMENT OF THE CASE

On June 28, 2010, the vehicle driven by Plaintiff, Antoinette Cooper, was struck by the vehicle driven by Defendant, Benjamin Spears. Spears was driving under the influence and at a high rate of speed as he was fleeing the scene of a prior motor vehicle collision after which he had failed to stop for blue lights when he ran through a stop sign, striking Plaintiff's vehicle and causing her damages. On January 30, 2013, a jury rendered a verdict for the Plaintiff upon finding that Benjamin Spears' negligence proximately caused the Plaintiff's damages. The jury in Florence, South Carolina awarded a total verdict of $854,075.00, consisting of an award for Actual Property Damages of $4,075.00, Actual Personal Injury Damages of $500,000.00, and Punitive Damages in the amount of $50,000.00. On March 4, 2013, Benjamin Spears assigned his rights arising from the verdict against Omni to Plaintiff, Antoinette Cooper. The assignment was attached to and incorporated in Plaintiff's Complaint by reference.

Defendant, Omni, insured Benjamin Spears at the time of the June 28, 2010, accident pursuant to an automobile insurance policy with $25,000.00 in bodily injury coverage and $25,000.00 in property damage, for a total of $50,000.00 in available

1

coverage for actual and punitive damages. Plaintiff's medical bills exceeded $50,000.00, as she suffered serious and permanent injuries including the loss of her unborn baby as a result of the collision with Spears. Because Spears was intoxicated and fleeing from the scene of an initial accident with police in pursuit at a high rate of speed, when he ran the stop sign causing the collision with Plaintiff's vehicle, he was subject to punitive damages as a matter of law. Accordingly, on multiple occasions, Plaintiff submitted to Defendant Omni written demands for the tender of the entire available coverage of $50,000.00 for actual and punitive damages under the personal injury and property damage coverage in exchange for a Covenant Not to Pursue the assets of Defendant Spears' directly. However, Omni refused to timely offer the entire policy limits prior to the Plaintiff having to bring suit.

Omni refused to properly adjust or evaluate the claim in good faith. Satisfaction of Plaintiff's reasonable demands was a duty properly owed by Omni pursuant to the contract with the Defendant Spears. Said contract included not only the duties expressly set out in the agreement, but also the implied covenant of good faith and fair dealing. Omni breached its duties by failing to tender the demanded policy limits, thereby protecting the personal assets of the insured, Spears. Plaintiff is ultimately a third party beneficiary to the above contract and entitled to assert a claim as a third party beneficiary against Omni for bad faith and also entitled to assert a first party cause of action through the assignment of rights from Defendant Spears. Omni, having refused to tender the available coverage to the Plaintiff upon demand, in intentional breach of its contract with the Defendant Spears, was strictly liable for refusing to tender the policy limits. Therefore, Plaintiff is entitled to assert against Omni, jointly, severally, or in the

alternative, a right to relief and for actual, compensatory and punitive damages arising out of the same series of transactions or occurrences, arising from the automobile collision of June 28, 2010, which is the subject of this action.

On January 24, 2014, Plaintiff brought this action for Breach of Contract and Bad Faith against Omni. Omni filed Notice of Removal on March 4, 2014, and Answered on March 7, 2014. Omni's Motion to Amend its Answer was granted on June 23, 2014. This Motion to Strike or Dismiss Affirmative Defenses follows.

## ARGUMENT

Because Omni has included no factual allegations to plausibly support the affirmative defenses raised by its Amended Answer, the affirmative defenses should be stricken or dismissed as insufficient under the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure as extended by the decisions of the Untitled States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 500 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d. 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct 1937, 173 L.Ed.2d. 868 (2009).

The Federal Rules require that a defendant, "in responding to a pleading,... state in short and plain terms its defenses to each claim asserted against it ...." *Fed.R.Civ.P*. 8(b)(1)(A). In addition, Rule 8(c) provides, "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense...." *FedRCivP* 8(c). The Federal Rules require affirmative defenses to be pleaded and, well before issuance of the decisions in *Iqbal* and *Twombly*, affirmative defenses were "subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir.1999). Under the "fair notice" standard in place prior to *Iqbal* and *Twombly*, a

defendant was required to "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense being advanced." *Id. Stoffels ex rel. SBC Tel. Concession Plan v. SBC Communications, Inc.*, CIV A 05-CV-0233-WWJ, 2008 WL 4391396 (W.D. Tex. Sept. 22, 2008). In *Iqbal*, the Supreme Court held that the *Twombly* "plausibility" standard is grounded in Federal Rule 8, which governs all pleadings in all civil actions. Thus, the decisions in *Twombly* and *Iqbal* "made explicit principles long implicit in the general pleading requirements of the Federal Rules." *Barry v. EMC Mortgage*, CIV.A. DKC 10-3120, 2011 WL 4352104 (D. Md. Sept. 15, 2011).

Although the United States Supreme Court has not yet explicitly extended the *Twombly* and *Iqbal* standard to pleadings beyond the complaint, such as an answer and affirmative defenses, there is nothing in the Court's decisions precluding the application of that standard to affirmative defenses. While the Supreme Court could have expressly limited its reasoning and its holdings to complaints, the Court chose not to do so.

Neither the Fourth Circuit Court of Appeals nor any other circuit court of appeals has addressed whether *Twombly* and *Iqbal* should be interpreted as applying to affirmative defenses. Instead, there is a split of authority among the district courts to address the question. However, the majority of the district courts—*including the majority of district courts within the Fourth Circuit to have considered the issue*—have concluded that the plausibility standard articulated in *Twombly* and *Iqbal* does apply to the pleading of affirmative defenses. *See, e.g., Francisco v. Verizon South, Inc.*, No. 3:09cv737, 2010 WL 2990159 at *7–8 (E.D. Va. July 29, 2010)(collecting cases); *Bradshaw v. Hilco Receivables, LLC*, 725 F.Supp.2d 532, 535–37, 2010 WL

2948181 at *3 (D. Md. July 27, 2010); *Palmer v. Oakland Farms, Inc.*, No. 5:10cv00029, 2010 WL 2605179 at *5 (W.D. Va. June 24, 2010; *Aguilar v. City of Lights of China Restaurant, Inc .,* No. DKC 11–2416, 2011 WL 5118325, at *2 (D.Md. Oct.24, 2011); *Racick v. Dominion Law Assocs.,* 270 F.R.D. 228, 233–34 (E.D.N.C. Oct. 6, 2010); *Long v. Welch & Rushe, Inc.*, 2014 WL 2963975, *11 (D.Md. Jun 30, 2014); *Monster Daddy LLC v. Monster Cable Products, Inc*., CA 6:10-1170-HMH, 2010 WL 4853661 (D.S.C. Nov. 23, 2010).

The reasoning cited by these courts is typically two-fold. First, the courts recognize that what is good for the goose is good for the gander, reasoning that "it makes neither sense nor is it fair to require a plaintiff to provide the defendant with enough notice that there is a plausible, factual basis for her claim under one pleading standard and then permit a defendant under another pleading standard simply to suggest that some defense may possibly apply in the case." *Bradshaw,* 2010 WL 2948181, at *3; *Palmer*, 2010 WL 2605179 at *4. Second, the courts note that "[b]oilerplate defenses clutter the docket and ... create unnecessary work" and extended discovery. *Racick v. Dominion Law Associates*, *supra*. The *Hayne* Court observed that the application of the *Twombly–Iqbal* standard to affirmative defenses "promote[s] litigation efficiency and will discourage defendants from asserting boilerplate affirmative defenses that are based upon nothing more than 'some conjecture that [they] may somehow apply.'" *Hayne*, 263 F.R.D. at 650); *Palmer,* 2010 WL 2605179, at *4. The *Racick* Court added: "This court … agrees with the district courts within the Fourth Circuit that have considered the question and concludes that "the considerations of fairness, common sense and litigation efficiency

underlying *Twombly* and *Iqbal*" mandate that the same pleading requirements apply equally to complaints and affirmative defenses." *Racick*, 270 F.R.D. at 234.

Thus, the plausibility standard set forth in <u>*Twombly*</u> and <u>*Iqbal*</u> applies as much to the pleading of affirmative defenses as it does to the pleading of allegations in a complaint. In *Twombly*, the Supreme Court reasoned that a complaint must set forth facts demonstrating that the claim "is plausible on its face," the Court concluded that the *Twombly* plaintiffs had failed to "nudge [ ] their claims across the line from conceivable to plausible." The Court also rejected legal labels and conclusions that were devoid of supporting facts, thereby refusing to credit the plaintiffs' mere assertions. Id. at 555–57, 564. The Court clarified *Twombly* in the *Iqbal* opinion, setting forth a two-pronged analytical approach for evaluating sufficiency under Rule 8. 129 S.Ct. at 1950. First, bare legal conclusions that do nothing more than recite the elements of a cause of action need not be credited and the courts may exclude them from the Rule 8 analysis entirely. Id. Second, a claim must "plausibly give rise to an entitlement to relief."

Under the plausibility standard, an assertion of an affirmative defense must contain "more than labels and conclusions" and a "formulaic recitation" of the elements of the defense. *See Twombly*, 550 U.S. at 555. An assertion of an affirmative defense is insufficient if it does not contain "enough facts" demonstrating that it is "plausible on its face." Id. at 570; *Hammer v. Peninsula Poultry Equipment Co., Inc.* 2013 WL 97398, 5 (D.Md.) (D.Md.,2013). As emphasized in *Bradshaw*, "[p]leading requirements are intended to ensure that an opposing party receives fair notice of the factual basis for an assertion contained [in] a claim or defense." 725 F.Supp.2d at 536. "While this pleading standard "does not require the assertion of all supporting evidentiary facts," it does

require that, "[a]t a minimum, some statement of the ultimate facts underlying the defense ... must be set forth, and both its non-conclusory factual content and the reasonable inferences from that content, must plausibly suggest a cognizable defense available to the defendant." *Ulyssix Techs., Inc. v. Orbital Network Engineering, Inc.*, No. ELH–10–2091, 2011 WL 631145, at *15 (D.Md. Feb. 11, 2011).

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense." Fed.R.Civ.P. 12(f). This Court enjoys wide discretion in determining whether to strike an affirmative defense under Rule 12(f) in order "to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Hayne v. Green Ford Sales, Inc*., 263 F.R.D. 647, 649 (D.Kan.2009). Accordingly, "in reviewing motions to strike defenses, federal courts have traditionally 'view[ed] the pleading under attack in a light most favorable to the pleader.'" *Palmer v. Oakland Farms, Inc.*, No. 10cv029, 2010 WL 2605179, at *2 (W.D.Va. June 24, 2010) (quoting *Clark v. Milam*, 152 F.R.D. 66, 71 (S.D.W.Va.1993)). In *Waste Management Holdings, Inc. v. Gilmore,* 252 F.3d 316 (4th Cir.2001), the Fourth Circuit noted that while "Rule12(f) motions are generally viewed with disfavor," there are cases when they should be granted. Id. at 347. "[A] defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." Id. (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1381, 665 (2d ed.1990)); *Staton v. N. State Acceptance*, *LLC*, 1:13-CV-277, 2013 WL 3910153 (M.D.N.C. July 29, 2013). Here, where the affirmative defenses asserted by Omni are wholly unsupported by factual allegations such that they are insufficient under Rule 8, even applying the pre-*Iqbal/Twombly* standard, and plainly

insufficient under the enhanced plausibility standard of *Iqbal* and *Twombley*, the affirmative defenses should be deleted and stricken pursuant to Fed.R.Civ.P 12 (f).

Under the plausibility standard, an assertion of an affirmative defense must contain "more than labels and conclusions" and a "formulaic recitation" of the elements of the defense. *See Twombly*, 550 U.S. at 555. An assertion of an affirmative defense is insufficient if it does not contain "enough facts" demonstrating that it is "plausible on its face." Id. at 570. A pleading "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. The factual allegations must be "enough to raise the right to relief above the speculative level."

However, here, rather than including factual allegations supporting the affirmative defenses asserted by its Amended Answer, Defendant Omni has provided nothing more than bare-bones assertions of its affirmative defenses which are no more than labels commonly used to assert affirmative defenses. This is just the sort of "formulaic recitation" format that was rejected by the Supreme Court in *Twombly*, *supra*. Therefore, pursuant to Rule 8, Fed.RCP, the enhanced standard from *Twombly* and *Iqbal*, and the authorities cited herein, Defendant's affirmative defenses should be stricken and/or dismissed.

The Court should note that the jury verdict in the underlying automobile accident case was rendered on January 30, 2013; Defendant Benjamin Spears assigned his rights arising from the verdict against Omni to Plaintiff, Antoinette Cooper on March 4, 2013; Plaintiff filed her Complaint against Omni on January 24, 2014; Defendant Omni Answered on March 7, 2014, and the Answer was amended on June 23, 2014. Thus, Omni has had over five months to conduct discovery, to identify affirmative defenses, and to investigate the factual allegations supporting its purported affirmative defenses. However, to date,

Omni has not taken advantage of its opportunity to conduct discovery by serving interrogatories or requests to produce on plaintiff. In fact, to date Omni has served no discovery whatsoever on Plaintiff, but has issued only *subpoenas* to third parties, including Counsel for Plaintiff. Where Omni's Amended Answer was filed as a supplemental answer after the defendant had had the opportunity to participate in discovery, but where Omni has failed to include any relevant facts by its Amended Answer, the defendant should not be permitted to wait until this point in the litigation to conduct meaningful discovery and then to yet again amend their answer to allege further, heretofore undiscovered and/or unconceived, facts and defenses at this late date.

Plaintiff is prejudiced by insertion of unsupported and insufficient Affirmative Defenses in the case. Such insufficient affirmative defenses have caused and will continue to cause Plaintiff increased time and expense in preparing for trial. Inclusion of these insufficient and unsupported affirmative defenses subjects Plaintiff to the possibility of extensive and burdensome discovery. <u>Federal Rule of Civil Procedure 12(f)</u> authorizes this court in its discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Granting Plaintiff's motion will prevent the expensive and timely litigation of "unnecessary issues" and expedite the proceedings. See *Staton v. N. State Acceptance, LLC*, 1:13-CV-277, 2013 WL 3910153 (M.D.N.C. July 29, 2013). "The function of a [Rule] 12(f) motion ... is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Billips v. NC Benco Steel, Inc.* 2011 WL 4829401, 1 (W.D.N.C.,2011.) The Rule permits striking from a pleading 'any redundant, immaterial, impertinent or scandalous matter.' Allowing this Defendant to raise insufficient and unsupported affirmative defenses, including those accusing Plaintiff

of bad faith and blithely accusing Plaintiff's attorney and, presumably, the other attorneys involved in the case, of collusion and fraud without Defendant's providing any hint of evidence to support such charges, permits injection of impertinent and scandalous matter irrelevant to the case which will require Plaintiff to engage in extensive and expensive discovery to her prejudice. *See Moore v. Prudential Ins. Co. of Am.,* 166 F.Supp. 215, 217 (M.D.N.C.1958); *Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York,* 278 F.Supp.2d 313 (N.D.N.Y.2003).

Where Defendant Omni has included little, if any, factual allegations to support or to make plausible the affirmative defenses raised by its Amended Answer and where inclusion of such unsupported and insufficient Affirmative Defenses operates to prejudice Plaintiff and to contravene considerations of judicial and litigation efficiency, Plaintiff's Motion should be granted.

1. **Defendant's assertion that plaintiff has failed to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. Rule 12(b)(6), is not an affirmative defense but merely a conclusion:**

By paragraph 17 of its Amended Answer, Omni asserts as an "affirmative defense" that Plaintiff's Complaint fails to state a claim upon which relief may be granted. However, the assertion that a complaint has failed to state a claim is not an affirmative defense because failure to state a claim "is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiffs valid prima facie case." *Boldstar Technical, LLC v. Home Depot, Inc.,* 517 F.Supp.2d 1283, 1292 (S.D.Fla.2007).

Rather than asserting an affirmative defense, Omni has stated a conclusion and it has included no factual allegations to support its conclusion. Therefore, the purported "affirmative defense" claimed by paragraph 17 should be stricken or dismissed.

**2.     Defendant provides no facts to support its assertion of good faith and reasonable bases for the manner in which it handled the claim as asserted in paragraph 18:**

Omni asserts that it "acted in good faith and possessed objectively reasonable bases for the manner in which it handled the claim and tenders that are the subject of this action, especially in light of the factual and legal issues it faced at the time of Plaintiff's time limit demands."  However, Omni includes no factual allegations to support that it acted in good faith, that it had objectively reasonable bases for its handling of the claim, or that it faced factual and legal issues which rendered its failure to proffer the policy limits pursuant to its contractual agreement with Spears reasonable.  Where Omni has offered not a single fact in its answer to support the asserted defense, the defense should therefore be stricken or dismissed.

**3.     Defendant provides no facts to support its assertion that it complied with all applicable laws and regulations**

By paragraph 19, Omni asserts that Plaintiff's claims are "barred, in whole or in part, by virtue of the fact that the Defendant at all times relevant hereto, complied with all applicable laws and regulations."  Omni fails to identify which applicable laws and/or regulations it did comply with which could limit its liability or bar Plaintiff's claims.  Omni has offered not a single fact in its Amended Answer to support the asserted defense and the defense should therefore be stricken or dismissed.

**4.     Defendant provides no facts to support its assertion of an affirmative defense stemming from S.C. Code Ann. § 15-32-520, related to an award of punitive damages at trial:**

Omni pleads as providing an affirmative defense, "to the extent applicable, S.C. Code Ann. § 15-32-520, et seq."  The cited code section provides for bifurcated trials where punitive damages are sought; sets a clear and convincing standard of proof; provides factors

for determining liability and review of a jury's determination to award punitive damages.

Omni has included no factual allegations establishing to what extent the cited state law provision may be applicable and no factual allegations asserting that the provisions of S.C. Code Ann. § 15-32-520 regarding an award of punitive damages may not be followed in this case. The Amended Answer does not provide the factual basis for the application of the cited state law provision. In fact, Omni has offered not a single fact in its Amended Answer to support its asserted defense and the defense should therefore be stricken or dismissed.

**5.     Defendant provides no facts to support its assertion that Plaintiff's actions in refusing Omni's full policy tenders were not in good faith:**

By paragraph 21, Omni asserts that "Plaintiff's actions in refusing Omni's full policy tenders were not in good faith and were done for the sole purpose of attempting to create this lawsuit at issue and attempting to extend Spears' contracted policy limits into one without limits." Omni has offered not a single fact to support the asserted defense and the defense should therefore be stricken or dismissed.

**6.     Defendant provides no facts to support its assertion of an affirmative defense based on "mere mistake or inadvertence."**

By paragraph 21 of its Amended Answer, Omni asserts, "A mere mistake or inadvertence are not sufficient to establish claims for bad faith against an insured, especially where all parties concede the property damage in issue is significantly less than that specified policy limit for property damages and the insurer has competing demands from Plaintiff's carrier for entitlement to certain funds property coverage under the insured's policy."

Omni has failed to identify any such "mistake or inadvertence" which, absent bad faith, led to its breach. Omni has offered not a single fact in its Amended Answer to support this asserted defense and the defense should therefore be stricken or dismissed.

7. **Defendant provides no facts to support its assertion of an affirmative defense based on the conclusion that a failure of an insurer to settle a claim within an arbitrary deadline established by Plaintiff's counsel does not establish bad faith.**

By paragraph 23 of its Amended Answer, Omni asserts that "the failure of an insurer to settle a claim within an arbitrary deadline established by Plaintiff's counsel does not establish bad faith." However, pursuant to clearly established South Carolina law, an insurance company cannot purge its previous bad faith by offering the policy limits after the deadline established by the insured's time demand. See Andrews v. Central Sur. Ins. Co., 271 F.Supp. 814 (D.S.C. 1967)(insurance company could not purge negligence, fraud, and bad faith in its failure to settle claim even though it offered the full amount of its coverage after underlying tort suit was filed); *cf. S.C. Code Ann.* § 38-59-40 (1989)(providing for attorney's fees when "refusal of the insurer . . . to pay the claim within ninety days after a demand has been made by the holder of the policy or contract and a finding on suit of the contract made by the trial judge that the refusal was without reasonable cause or in bad faith . . ."). The duty of good faith and fair dealing means not only must a reasonable settlement offer be made, but it also must be made within a reasonable time. *Nichols v. State Farm Mutual Automobile Insurance Co.*, 279 S.C. 336, 306 S.E.2d 616 (1983)("During the ensuing period of litigation [following unreasonable denial of a claim], the insurance company has the benefit of profiting on the use of the insured's money"). As indicated, Plaintiff's Counsel made repeated and reasonable written demands for proffer of the policy limits which were refused or ignored by Omni so that

Plaintiff finally had no option but to file a law suit, launch into extensive, expensive, discovery and proceed to a jury trial.

Omni has merely stated a conclusion for which it has failed to identify any relevant facts. Omni fails to identify any of the many deadlines to which it failed to respond or plausibly which of these deadlines were "arbitrary." Again, Omni has offered not a single fact in its Amended Answer to support the asserted defense and the defense should therefore be stricken or dismissed.

8. **Defendant fails to allege any facts in support of the purported Affirmative Defense that it intends to rely upon such other further and affirmative defenses as may become available or apparent during the course of discovery.**

By paragraph 24 of its Amended Answer, Omni asserts as an "affirmative defense" the intention to rely upon "such other further and affirmative defenses as may become available or apparent during the course of discovery." Where Omni's Amended Answer was filed as a supplemental answer after the defendant had had the opportunity to participate in discovery, to include depositions, and where Omni admits that it has failed to discover any evidence in this regard, the defendant should not be permitted to again amend their answer to allege further, heretofore undiscovered and/or unconceived, facts and defenses at this late date. Given that Omni admits that no such evidence or affirmative defenses have become available or apparent through discovery to date, Omni's purported notice and reservation of right to further amend does not constitute an affirmative defense and it should be stricken or dismissed.

**9.      Defendant provides no facts to support its assertion of an affirmative defense based on the conclusion that a claim for punitive damages, "if any," may violate the Fifth, Sixth, Seventh, and Fourteenth Amendments to the United States Constitution.**

By paragraph 25 of its Amended Answer, Omni asserts the conclusion that the Plaintiff's claim, if any, for punitive damages violates the Constitution of the United States' Fifth, Sixth, Seventh, and Fourteenth Amendments. Omni has offered not a single fact in its Amended Answer to support its asserted defense and the defense should therefore be stricken or dismissed.

**10.     Defendant fails to allege any facts in support of an affirmative defense that it relied on the training, experience, and knowledge of its claims professionals in handling all claims.**

By paragraph 26 of its Amended Answer, Omni asserts as establishing an affirmative defense that it relied on the training, experience, and knowledge of its claims professionals in handling all claims. In fact, Plaintiff's Complaint asserts, "At all times herein mentioned and in regard to all matters herein mentioned the Defendant Omni acted by and through its agents, servants, and employees, who were at all times acting within the course and scope of their agency and employment, and for whose acts and omissions the Defendant is liable." In supposedly asserting an affirmative defense by paragraph 26, Omni has failed to include any specific factual assertion attributing its breach to the actions and judgments of its claims professionals which would relieve Omni of liability. Therefore, Omni has failed to plausibly assert a defense and the purported defense should be stricken or dismissed;

**11.     Defendant fails to allege any facts in support of the defense that Plaintiff lacks standing as per settlement and release.**

Omni asserts that Plaintiff lacks standing as per the settlement and release by which Omni asserts that Plaintiff was fully paid for property damage by her own insurance carrier

and her insurance carrier was repaid in full for the property damages by Defendant.  As set out by the Complaint, Plaintiff's standing in her suit against Omni derives from the assignment of rights by Spears and upon her rights as a third party beneficiary.  Omni fails to identify the nature or timing of any such settlement and release despite the fact that it is in possession of the entire claims file.  Omni has offered not a single specific fact by its Amended Answer to support the asserted defense and the defense should therefore be stricken or dismissed.

**12.    Defendant fails to allege any facts in support of the affirmative defense based on the equitable doctrine of laches.**

The party seeking to establish laches must show (1) delay, (2) that was unreasonable under the circumstances, and (3) prejudice. *Kelley v. Kelley*, 368 S.C. 602, 606-607, 629 S.E.2d 388, 391 (Ct.App.2006).  Furthermore, in order for the defense of laches to be sustained, "the circumstances must have been such as to import that the complainant had abandoned or surrendered the claim or right which he now asserts." *Byars v. Cherokee County*, 237 S.C. 548, 560, 118 S.E.2d 324, 330 (1961); *Kelly* at 629.

Simply asserting that the equitable doctrine of laches bars the Complaint does not connect the theory to the instant case and, thus, does not provide Plaintiff with sufficient notice of the defense under Rule 8. "[E]ven before *Twombly* and *Iqbal*, the defenses of waiver, estoppel and laches were consistently struck when pled without reference to some facts." *Topline Solutions, Inc. v. Sandley Sys., Inc.*, Civ. No. L–09–3102, 2010 WL 2998836, at *2 (D.Md. July 27, 2010).

Omni has offered no factual allegations plausibly supporting the notion that Plaintiff unreasonably delayed assertion of her claims in this case.  Furthermore, the Defendant has failed to state any facts or to claim the Defendant was prejudiced in any way by any alleged

unreasonable delay of the Plaintiff. Therefore, the affirmative defense of laches should be stricken or dismissed;

**13**.     **Defendant fails to allege any facts in support of an affirmative defense relying upon the equitable doctrine of "unclean hands."**

Omni asserts "Plaintiff's claims are barred by the equitable doctrine of unclean hands." A defendant seeking the protection of the doctrine of unclean hands must demonstrate that the plaintiff acted unfairly in a matter that is the subject of the litigation to the prejudice of the defendant. The doctrine of "unclean hands" precludes a plaintiff from recovering in equity if he acted unfairly in a matter that is the subject of the litigation to the prejudice of the defendant. *Arnold v. City of Spartanburg*, 201 S.C. 523, 23 S.E.2d 735 (1943). Prejudice to the defendant is a necessary element of the "unclean hands" defense.

Omni includes no factual allegations plausibly asserting that Plaintiff acted unfairly in this matter to the prejudice of Defendant; therefore, the asserted "affirmative defense" relying upon the equitable doctrine of unclean hands should be stricken and/or dismissed.

**14**.     **Defendant fails to allege any facts in support of the affirmative defense of accord and satisfaction.**

The elements of an accord and satisfaction are (1) an agreement between the parties to settle a dispute and (2) the payment of the consideration which supports the agreement. *Historic Charleston Holdings, LLC v. Mallon*, 381 S.C. 417, 430, 673 S.E.2d 448, 455 (2009). Like any contract, in order to constitute an accord and satisfaction, there must have been a meeting of the minds. "The debtor must intend and make unmistakably clear that the payment tendered fully satisfies the creditor's demand." *Tremont Const. Co., Inc. v. Dunlap*, 310 S.C. 180, 182, 425 S.E.2d 792, 793 (Ct.App.1992). "Without an agreement to discharge the obligation there can be no accord, and without an accord there can be no

satisfaction." *Id.*; *Linda McCo., Inc. v. Shore*, 390 S.C. 543, 555-556, 703 S.E.2d 499, 505 (2010).

Omni fails to allege any facts which would support its assertion that there has been a discharge of Omni's obligation for the damages caused by its bad faith breach. Omni includes no factual allegations plausibly asserting the defense of accord and satisfaction; therefore, the affirmative defense asserted should be stricken or dismissed.

15. **Defendant fails to allege any facts in support of its assertion or its reservation of the right to assert an affirmative defense based on collusion, fraud, reverse bad faith, and/or other wrongful and inequitable conduct.**

By paragraph 31 of its Amended Answer, Omni asserts, "Plaintiff's claims may be the product of collusion, fraud, reverse bad faith, and/or other wrongful and inequitable conduct (upon information and belief at this time), thus, Defendant reserves all rights to these defenses." By its own assertion, Omni admits that there are no facts in existence or which have been discovered by Defendant to plausibly support the bare allegations of improper and wrongful conduct on the part of Plaintiff. Where Defendant includes no factual allegations plausibly asserting such defense, the affirmative defense asserted should be stricken or dismissed.

As set out by the Complaint, the underlying tort action was resolved by jury verdict for Plaintiff on January 30, 2013; it was over a month later, on March 4, 2013, that the insured, Benjamin Spears, assigned his rights arising from this verdict to Plaintiff. The fact that the assignment was entered months after an adversarial trial and verdict precludes a finding of collusion. In *Fowler v. Hunter*, 388 S.C. 355, 697 S.E.2d 531 (2010), the South Carolina Supreme Court recognized that a majority of courts have approved similar settlement agreements, provided the risk of collusion is minimized. The South Carolina

Supreme Court found that South Carolina has expressed a willingness to depart from the technicalities of the common law in order to promote reasonable settlements in civil suits.

The South Carolina Supreme Court agreed that South Carolina law requires the careful scrutiny of settlement agreements to avoid the potential for complicity or wrongdoing and indicated that the primary concern is the risk of collusion when an insured is protected from liability by an agreement not to execute **_prior to_** the entry of judgment in the underlying tort action. As indicated, here, the assignment from Spears was given long after the trial jury rendered its verdict in Plaintiff's favor. Where Defendant includes no factual allegations plausibly asserting the defense of collusion, the affirmative defense asserted should be stricken and/or dismissed.

In addition, Omni has included no factual allegations plausibly asserting the defense of fraud. In South Carolina, in order to recover in an action for fraud and deceit based upon misrepresentation, the following elements must be shown by clear, cogent and convincing evidence: In order to recover in an action for fraud and deceit, based upon misrepresentation, the following elements must be shown by clear, cogent and convincing evidence: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; (9) the hearer's consequent and proximate injury. Failure to prove any one of the foregoing elements is fatal to recovery. *M.B. Kahn Const. Co. v. S.C. Nat'l. Bank of Charleston*, 275 S .C. 381, 384, 271 S.E.2d 414, 415 (1980) Where Omni includes no factual allegations asserting a material, false, representation, no factual allegations of knowledge of falsity or reckless disregard, no

factual allegations of intent that a representation be acted upon, no factual allegations that the hearer had the right to rely or did rely on the truth of the representation, and no allegations of the hearer's consequent and proximate injury, the affirmative defense of fraud should be stricken or dismissed.

## **CONCLUSION**

Defendant, Omni, required to meet the same pleading standards as the Plaintiff, has failed to allege plausible facts or to refer to plausible facts in order to meet the minimum notice requirements for pleading the above stated defenses. Therefore, the Plaintiff respectfully requests each of the Defendant's above stated Defenses be Stricken or Dismissed.

Respectfully Submitted,

July 11, 2014

s/Pamela R. Mullis_____
Pamela R. Mullis, Fed. I.D. # 7254
Mullis Law Firm
Post Office Box 7757
Columbia, South Carolina 29202
(803) 799-9577