UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Antoinette Cooper, | ) | Civil Action No.: 4:14-cv-00706-BHH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Omni Insurance Company, | ) | |
| Defendant. | ) | |

Plaintiff initially brought this bad faith insurance action in state court, and Defendant removed it based on diversity jurisdiction on March 3, 2014. ECF No. 1. On March 7, 2014, Defendant filed and served its answer. ECF No. 5. Thereafter, on June 10, 2014, Defendant moved to amend its Answer, and on June 23, 2014, the court granted Defendant's Motion to Amend. ECF Nos. 18, 19. This matter is before the court on Plaintiff's "Motion to Strike or Dismiss Affirmative Defenses" filed on July 11, 2014. ECF No. 23. Defendant filed an Opposition to Plaintiff's Motion on July 28, 2014, and Plaintiff filed a Return on August 7, 2014. ECF Nos. 27, 28. This Motion was referred to the undersigned on August 20, 2014, pursuant to 28 U.S.C. § 636. ECF No. 31. Having considered the parties' briefs and related filings, the court grants Plaintiff's Motion in part.

In her Motion, Plaintiff seeks an order dismissing or striking Defendant's affirmative defenses. ECF No. 23 at 1. Plaintiff maintains that because Defendant does not have factual allegations to plausibly support the affirmative defenses raised in its Amended Answer, the defenses should be stricken as insufficient under Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 4. Plaintiff acknowledges that neither the Supreme Court or any Circuit Court of Appeals

have decided the issue and maintains that there is a split among district courts that have addressed whether the *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) standard applies to answers and affirmative defenses. *Id.* at 5.

In response, Defendant maintains that its affirmative defenses are sufficiently pleaded. ECF No. 27 at 2. Additionally, Defendant argues that Plaintiff's Motion is untimely and Plaintiff should not be allowed to complain about the pleading of Defendant's affirmative defenses when the majority of the affirmative defenses in Defendant's Amended Answer are identical to those in Defendant's original Answer. *Id.* at 3; 8. Defendant maintains that because the Supreme Court and Fourth Circuit Courts of Appeals have not addressed whether *Twombly* and *Iqbal* apply to affirmative defenses, this court should decline to apply them now. *Id.* at 9-10. Alternatively, Defendant requests time to amend its affirmative defenses to correct any deficiency the court finds. *Id.* at 11-12.

On the outset, the court finds that though Plaintiff moved generally under Rule 12 to strike or dismiss affirmative defenses, the court will treat Plaintiff's Motion as a Motion to Strike under Rule 12(f) of the Federal Rules of Civil Procedure. Under Rule 12(f)(2), the court may strike from a pleading an insufficient defense "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Here, Defendant filed and served Plaintiff with its Answer on March 7, 2014, and Defendant's initial Answer included nine affirmative defenses that are also included in Defendant's Amended Answer. *See id.* Therefore, Defendant maintains that Plaintiff was on notice of Defendant's first nine affirmative defenses since March of 2014, and failed to move to strike these nine defenses until after 21 days of "being served with the pleading." Thus,

Defendant maintains that Plaintiff failed to timely file a Motion to Strike with regard to these nine affirmative defenses.

The court acknowledges Defendant's point that Plaintiff could have attacked its affirmative defenses sooner. Additionally, the court notes that Plaintiff did not file an objection to Defendant's Motion to Amend its Answer prior to the court granting it. However, Defendant's Amended Answer did not become a pleading in this case until after the Motion to Amend was granted and it was docketed pursuant to the court's order. *See* ECF Nos. 19-20. Therefore, Plaintiff's Motion to Strike is timely because she filed it "within 21 days after being served with the *pleading*." Fed. R. Civ. P. 12(f)(2). Additionally, though Plaintiff's Motion attacked the Amended Answer and not the original Answer, affirmative defenses in the first answer can still be challenged. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (internal citations omitted) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect."); *see also Newborn Bros. Co., Inc. v. Albion Eng'g Co.*, 299 F.R.D. 90, 95 (D.N.J. 2014) (holding that lack of diligence in challenging original answer was insufficient to deny the motion to strike for untimeliness where same affirmative defense appeared in both original and amended answer); *Green v. Kubota Tractor Corp.*, No. 09-CV-7290, 2012 WL 1416465, at *2 (N.D. Ill. Apr. 24, 2012) ("[E]ven when affirmative defenses in an answer to amended pleadings are identical to affirmative defenses in earlier pleadings, a motion to strike is timely if filed within 21 days of service of the answer to the amended pleading."). Therefore, Plaintiff's Motion to Strike is not untimely with regards to Defendant's first nine affirmative defenses.

Even if Plaintiff's Motion to Strike is untimely, this court can act on its own initiative and strike an insufficient defense. *See* Rule 12(f)(1); *see also Newborn Bros.*, 299 F.R.D. at 95

(internal citations omitted) ("[E]ven if the Court were to find that the motion was not timely filed, the Court could still properly consider the merits of the motion because Rule 12(f) permits the Court to act on its own [and] allow the district court to consider untimely motions to strike and to grant them if doing so seems proper."). Therefore, the undersigned will address Plaintiff's Motion on the merits.

Rule 12(f) allows the court to strike an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Whether to grant such a motion is within the sound discretion of the court, however, striking a defense is disfavored because it is a drastic remedy." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). Under the plain language of Rule 8, the undersigned finds that a Defendant need only "state" its affirmative defenses rather than "show" support for the purported defense. Rule 8(b) requires that a party state a defense in short and plain terms, while Rule 8(c) requires that a party "affirmatively state any avoidance or affirmative defense." In contrast, Rule 8(a)(2) requires a pleading state "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Palmetto Pharm. LLC v. AstraZeneca Pharm. LP*, 2:11-CV-00807-SB-JDA, 2012 WL 6025756 (D.S.C. Nov. 6, 2012) *report and recommendation adopted*, 2:11-CV-00807, 2012 WL 6041642 (D.S.C. Dec. 4, 2012) (noting language in Rule 8(b) and Rule 8(c) does not contain the language of Rule 8(a) requiring complainants to "show" that they are entitled to relief); *see also Narbona v. Micron Precision LLC*, No. 3:14-CV-00060-MOC, 2014 WL 1875038 (W.D.N.C. May 9, 2014) ("[T]he language used by the drafters is distinct in pleading a claim and pleading an affirmative defense.")

"The purpose of pleading an affirmative defense is to provide the opposing party with fair notice." *Palmetto Pharm.*, 2012 WL 6025756, at *7. "Notably, Rules 8(b) and 8(c) are 'markedly

less demanding' than Rule 8(a)." *Id.* Moreover, the Fourth Circuit has held that "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient. . . .as long as it gives plaintiff fair notice of the nature of the defense." *Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004). In noting the differing positions of plaintiffs and defendants, one court noted: "A defendant asserting an affirmative defense is not unlocking the doors of discovery in the same way that a plaintiff does by bringing a complaint in the first place." *Narbona*, 2014 WL 1875038, at *4 (internal citation omitted). Noting that neither the Supreme Court nor the Fourth Circuit have addressed whether the implications of *Iqbal* and *Twombly* apply on the pleading of affirmative defenses, this court is persuaded by the rationale of the district courts that have declined to extend the application to affirmative defenses. Accordingly, the undersigned examined Defendant's affirmative defenses to ensure compliance with the plain language of Rule 8(c) and the Fourth Circuit's interpretation of that language.

With the exception of affirmative defenses contained in paragraphs 28 and 29, Defendant has complied with Rule 8(c) by stating its applicable defenses and putting Plaintiff on notice that these defenses will be issues in litigation. However, laches and unclean hands are equitable defenses, and Plaintiff is not seeking an equitable remedy in the present case. Therefore, these equitable defenses are immaterial under Rule 12(f), and the undersigned will instruct the Clerk of Court to strike them from the Amended Answer. Defendant may move to again amend its Answer should Plaintiff later seek equitable relief from the court, making equitable defenses relevant.

Moreover, the undersigned notes that Defendant's affirmative defenses do not create an additional burden for Plaintiff. Rather, they make Plaintiff aware of material issues in the case. For example, in paragraph 20, Defendant pleads section 15-32-520 of the South Carolina Code

"[t]o the extent applicable. . . ." Under this section, a defendant may request a bifurcated trial in actions tried before a jury involving punitive damages. Here, Defendant is complying with section 15-32-520 by making the request and is making Plaintiff aware that it may request a bifurcated trial should the parties proceed to trial.

Accordingly, Plaintiff's Motion to Strike, ECF No. 23, is granted in part and denied in part.

IT IS SO ORDERED.

August 29, 2014  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge