IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Antoinette Cooper, | ) | Civil Action No.: 4:14-cv-706-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Omni Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter is before the court on Defendant Omni Insurance Company's ("Defendant" or "Omni") Motion to Compel, filed March 10, 2015. *See* Def.'s Mot., ECF No. 55. Defendant seeks an order compelling the deposition of Plaintiff's counsel, Pamela R. Mullis, Esquire ("Attorney Mullis"). *See id.* at 1. Plaintiff timely filed a response in opposition to Defendant's motion on March 25, 2015. *See* Pl.'s Resp., ECF No. 58. Defendant then filed a reply in support of its motion on April 6, 2015. *See* Def.'s Reply, ECF No. 60. For the reasons stated below, the Court denies Defendant's motion.

## STANDARD

Rule 26(b)(1) governs the scope of discovery and provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). The court may restrict the discovery of otherwise allowable information, however, if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). The Court may also restrict discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). Broad discretion is afforded a district court's decision to grant or deny a motion to compel. *Erdmann v. Preferred Research Inc. of Ga.*, 852 F.2d 788, 792 (4th Cir. 1988) (citation omitted).

## DISCUSSION

**I.     Factual Background**

The parties do not dispute the factual background giving rise to this motion.[1] This action involves a bad faith claim asserted by Plaintiff against Defendant. *See generally* Compl., ECF No. 1-1. Plaintiff alleges that the bad faith arose in connection with an underlying automobile accident/tort claim ("the underlying action"), where Plaintiff brought suit against Omni's insured, Benjamin Spears ("Spears"). *See id.* at ¶¶ 5–6. Spears's policy limits provided for the minimum liability coverage limits ($25,000/$50,000/$25,000). *See id.* at ¶ 10. Plaintiff, however, obtained an excess verdict of $854,075.00 against Spears at trial. *See id.* at ¶ 6. Spears then assigned his bad faith claim against Omni to Plaintiff, who brought this action against Omni. *See id.* at ¶ 8. Plaintiff alleges that Omni wrongfully failed to settle her claim against Spears within Spears's policy limits.

---

[1] Defendant set forth the facts in its motion, and Plaintiff stated that she "agrees with Defendant's statement of the undisputed factual background of this case" in her response, *see* ECF No. 58 at 1.

2

*See id.* at ¶¶ 9–15. Plaintiff's counsel, Attorney Mullis, also represented the Plaintiff during the underlying automobile accident/tort suit against Spears.

## II.     Parties' Arguments

Defendant seeks to compel Attorney Mullis's deposition, asserting that she "is a witness concerning the facts of this case." *See* ECF No. 55 at 2. Defendant argues that the present bad faith claim calls into question the facts and circumstances surrounding the underlying case and the failure of the claim to settle. *See id.* at 3. Defendant contends that this makes the facts and circumstances surrounding settlement-related communications involving Attorney Mullis relevant. *See id.* Defendant also notes that Spears was charged with felony driving under the influence in connection with the accident, and while he faced a mandatory minimum sentence of 30 days imprisonment and up to 15 years, Plaintiff submitted an affidavit requesting leniency. Defendant argues that communications between Spears's defense attorney in the criminal matter, Guy Ballenger ("Attorney Ballenger"), and Attorney Mullis are also relevant as a result. *See id.* at 3–4. Defendant notes that while deposing opposing counsel is typically unusual, in a bad faith situation like this it is logical, as Plaintiff's counsel was an active participant in the very events that gave rise to the alleged bad faith claim. *See id.* at 4. Accordingly, Defendant asserts that it should be allowed to depose Attorney Mullis about any non-privileged matter that is relevant to the claims or defenses.

Plaintiff responded, first asserting that the motion to compel is premature, as Omni has not actually noticed Attorney Mullis's deposition. *See* ECF No. 58 at 2. Accordingly, Plaintiff asserts that the Court should not compel a deposition which has yet to even be noticed. *See id.* Plaintiff then contends that, even if it were procedurally proper, the motion should be denied on substantive grounds. Plaintiff acknowledges that the rules do not prevent the deposition of another party's lawyer, as long as it seeks relevant, non-privileged information. She argues, however, that courts

3

are typically skeptical of an effort to do so, and suggests that the Court should apply the test articulated by the Eighth Circuit in *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1987). *Shelton* set forth a burden-shifting test favoring the party opposing the deposition, stating that such a deposition can only occur where the party seeking it shows: (1) no other means exists to obtain the information than to depose opposing counsel, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case. *Id.* at 1327. Plaintiff argues that Defendant has not met this burden, as it has not sufficiently detailed the specific information sought from Plaintiff's counsel or explained its relevance. *See* ECF No. 58 at 5–7. Moreover, Plaintiff argues Defendant has not shown that taking counsel's deposition is the only means of obtaining the information or that other methods of discovery would be ineffective. *See id.* at 7–8. Plaintiff notes that Omni has not attempted to depose Spears's counsel in the criminal matter or attempted to depose Spears's attorneys hired by Omni in the underlying tort action. *See id.* at 8. Finally, Plaintiff asserts that, to the extent Omni seeks to explore Attorney Mullis's mental impressions or other privileged information, Defendant is prohibited under the work product doctrine. *See id.* at 9.

Defendant filed a reply in support of its motion, reasserting that deposing Attorney Mullis would be proper. Defendant first contends that Plaintiff's procedural argument is without merit, as it conferred with Attorney Mullis prior to filing the motion and she stated she would object to any deposition notice. *See* ECF No. 60 at 1. After the matter could not be resolved, the parties set up a telephone conference with the undersigned to discuss the matter informally, as provided for in the scheduling order. *See* Notice, ECF No. 49. After the telephone conference, the Court noted that it was unlikely this matter could be resolved informally and told the parties to go ahead and file any appropriate motion and brief the issue. *See* ECF No. 60-2 at 1. Defendant notes that it would not

4

have made sense to blind notice a deposition and force Attorney Mullis to move to quash it after all of this occurred. *See* ECF No. 60 at 2–3. Defendant then argues that the motion also fails on its merits, asserting that the legal authority cited by Attorney Mullis is not applicable in this situation. *See id.* at 3. Moreover, Defendant contends that, even applying the *Shelton* test, it has met its burden. Defendant argues that it has a legitimate basis in seeking the deposition, as the information sought relates to the facts and circumstances surrounding the underlying action's failure to settle. *See id.* at 4–5. Defendant notes that Attorney Mullis personally communicated with Omni regarding potential settlement and with Attorney Ballenger regarding Spears's criminal matter. *See id.* at 6. Defendant then contends that no other means exists to obtain the information, and that it has attempted to obtain the information from other sources (such as Plaintiff herself) but was unable to do so. *See id.* at 6–8. Finally, Defendant avers that it is not seeking to obtain Attorney Mullis's work product. *See id.* at 8–10.

### III.     Analysis

#### 1.  Relevant Case Law

In its motion, Defendant did not cite any specific authority discussing the appropriateness of deposing opposing counsel (or any authority at all, aside from Rule 26). In her response in opposition, however, Plaintiff urges the Court to adopt the test articulated by the Eighth Circuit in *Shelton*. In *Shelton*, the Eighth Circuit held that the party seeking to depose opposing counsel must satisfy a three prong test, showing that: "(1) no other means exists to obtain the information than to depose opposing counsel, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case." *Shelton*, 805 F.2d at 1327. The purposes of this burden was to guard against the "harassing practice of deposing opposing counsel . . . that does

nothing for the administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process." *Id.* at 1330.

*Shelton*, however, has not been universally adopted. For example, the Second Circuit applies a "flexible approach," where the court takes into consideration "all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65 (2d Cir. 2003) (Sotomayor, J.). Those considerations may include "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *See id.* at 73. The Second Circuit also held that less intrusive methods, such as interrogatories, should be used at least initially and sometimes in lieu of a deposition. *See id.* at 72.

Moreover, the Eight Circuit has refined the scope of *Shelton*'s holding. As that court acknowledged in a more recent case, *Shelton* was intended "to protect against the ills of deposing opposing counsel in a pending case which could lead to the disclosure of the attorney's litigation strategy." *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730 (8th Cir. 2002). *Shelton*, however, was not designed to provide heightened protection to attorneys who represented a client in a previous, completed case and then represented the same client "in a pending case where the information known only by the attorneys regarding the prior case was crucial." *Id.* In that situation, the *Shelton* rule only applies to the extent the deposition relates to the instant case, not the concluded case. *Id.* Nevertheless, the Eight Circuit explained, the party seeking to depose opposing counsel about a completed case must still show that the information is "peculiarly within counsel's knowledge and centrally relevant to the issues in the . . . present action," and the information sought must not be privileged. *Id.* at 731.

The Fourth Circuit has not adopted a specific approach regarding deposing opposing counsel.[2] Several cases involving similar facts to the instant case, however, are instructive. For example, in a case from the Eastern District of California, a defendant sought to depose plaintiff's litigation counsel in an insurance coverage/bad faith action regarding the facts and circumstances of an underlying lawsuit which settled. *See Riverbank Holding Co. v. N.H. Ins. Co.*, No. 2:11-cv-2681-WBS-GGH, 2012 WL 4748047, at *1 (E.D. Ca. Oct. 3, 2012). The plaintiff's counsel in the bad faith action also represented the plaintiff in the underlying action. *See id.* That court applied *Shelton*, and determined that deposing counsel regarding the settlement agreement/negotiations was not appropriate because the party seeking the deposition had not sufficiently shown what unique and crucial information counsel would be able to provide. *See id.* at *3. Moreover, the court explained that the party seeking the deposition had not attempted to seek the depositions of other individuals involved in the settlement negotiations who might provide similar insight. *See id.* at *4.

The Eastern District of Pennsylvania reached a similar conclusion when it addressed this scenario. This same situation arose, where the insurance company defendant sought to depose plaintiff's counsel in a bad faith action regarding his handling of an underlying auto accident case. *See Slater v. Liberty Mut. Ins. Co.*, No. CIV A. 98-1711, 1999 WL 46580, at *1 (E.D. Pa. Jan. 14, 1999). Applying *Shelton*, the Court found this was inappropriate, noting that the defendant had other means of discovering what its employees may have said to plaintiff's attorney. *See id.* Accordingly, the Court found that compelling the deposition would be inappropriate. *See id.* at *2.

---

[2] District courts from within the circuit, however, have looked to *Shelton* (or applied a very similar test) in determining whether deposing opposing counsel is appropriate. *See, e.g.*, *Ford Motor Co. v. Nat'l Indem. Co.*, No. 3:12cv839, 2013 WL 3831438, at *2–3 (E.D. Va. July 23, 2013) (applying *Shelton* and determining that compelling deposition was inappropriate); *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001) (applying a similar test to *Shelton*).

7

A similar factual situation also arose in a case from the Eastern District of Washington. In that case as well, a party sought to depose opposing counsel in a bad faith suit regarding the settlement negotiations in an underlying lawsuit. *See Utica Mut. Ins. Co. v. Lifequotes of Am., Inc.*, No. CV-06-0228-EFS, 2011 WL 611667, at *4 (E.D. Wash. Feb. 10, 2011). Although the counsel whose deposition was being sought was not counsel of record in the underlying suit, it was undisputed that she was brought in to consult in that matter due to her experience in insurance matters. *See id.* at *4. The Court acknowledged that counsel clearly was involved in the settlement negotiations and thus had relevant and non-privileged information. *See id.* at *6. The Court found, however, that the party seeking to depose her had not shown its inability to obtain the information without deposing her. *See id.* Thus, it denied the motion. *See id.*

Finally, yet another similar case arose in the Middle District of Florida. This case also concerned a situation where a party sought to depose opposing counsel, who also represented the party in underlying litigation. *See Redfish Key Villas Condo. Ass'n, Inc. v. Amerisure Ins. Co.*, No. 2:13-cv-241-FTM-29CM, 2014 WL 407960 (M.D. Fla. Feb. 3, 2014). In that matter, however, the Court determined that the party seeking the deposition had satisfied its burden of showing that the discovery sought did not appear to be geared towards learning attorney trial strategy for the instant litigation and that it had no other means of discovering the information sought. *See id.* at *3.

### 2. Discussion

The Court will address Plaintiff's procedural argument first. Plaintiff is correct in her assertion that Defendant has not followed the typical procedure for depositions. As Plaintiff notes, the customary way in which a dispute like this would arise would be for the Defendant to notice the deposition and then Plaintiff move to quash. As Defendant notes, however, it informed Attorney Mullis up front that it wished to depose her and she indicated at that time she would object in the

event Defendant noticed her deposition. Anticipating a conflict, the parties contacted the Court to try and work out the issue informally. As it became apparent that it could not be worked out, the Court told the parties to go ahead and brief the issue. In light of all this, the Court finds that in this unique situation it was not inappropriate for Defendant to go ahead and file its motion to compel rather than engaging in the futile process of noticing Attorney Mullis's deposition and forcing her to move to quash. Accordingly, the Court will proceed to the merits of the motion.

Concerning the merits, the Court notes that, regardless of the test applied, Defendant has not shown that there is any information peculiarly with Attorney Mullis's knowledge and/or that no other means exist from which to obtain the information. As noted above, critical to the analysis is whether the discovery sought is geared towards gleaning counsel's trial strategy and whether the information sought is "peculiarly" within the knowledge of counsel. Defendant has stipulated that it does not "seek Ms. Mullis's mental impressions, conclusions, opinions, or legal theories," and that it only seeks information "regarding the facts and circumstances of and surrounding (nonprivileged) settlement related communications in which Ms. Mullis was involved." ECF No. 60 at 9. The Court finds, therefore, the question of whether counsel's mental impressions are sought is not at issue. Accordingly, the remaining issue for the Court is whether the information sought is peculiarly within the knowledge of counsel.

In its motion, Defendant notes that Attorney Mullis was involved in settlement related communications with Omni. In her response, however, Plaintiff asserts that Attorney Mullis is not the sole source of information regarding any of these communications. Plaintiff notes that Defendant already has in its possession copies of emails and letters between Attorney Mullis, Omni employees, the attorneys representing Spears through his coverage with Omni in the tort suit, and the attorney representing Spears in his criminal case. Plaintiff contends, however, that Defendant

9

has not made any efforts to depose any of the other attorneys who participated in settlement communications with her. Defendant has not deposed Attorneys Dara J. Coleman and Jack Cluverius, Jr., the attorneys who represented Spears (through his insurance coverage with Omni) throughout the underlying tort matter. Plaintiff argues that these individuals would be able to answer any questions Defense counsel may have regarding the facts and circumstances surrounding any communications and negotiations they had with Attorney Mullis. In response, Defendant does not contend that it has sought to depose these other individuals. Instead, Defendant reiterates that Attorney Mullis participated in settlement negotiations with Omni and that the information sought is not available from any other sources. Defendant notes that Attorney Mullis participated in settlement negotiations with Omni (not the Plaintiff herself), and thus her testimony may shed light on the failure of the claim to settle.

The Court finds this argument unpersuasive. To the extent Defendants seeks to depose counsel regarding communications with its own client, Attorney Mullis certainly is not the sole source of information. Defendant may depose its employees and agents who engaged in communications with Attorney Mullis in order to obtain that information. Moreover, Defendant may depose Attorneys Coleman and Cluverius to obtain information regarding the facts and circumstances surrounding their settlement communications with Attorney Mullis. Again, Attorney Mullis is not the sole source of information regarding any of these communications.

Defendant also argues, however, that Attorney Mullis is the sole source of information because it deposed the Plaintiff herself, and she had no knowledge of whether Omni had made an offer to settle. Moreover, Defendant argues that it may not be able to determine the identity of any additional parties which Attorney Mullis had discussions with without deposing her. Again, the Court notes that just because Plaintiff was not involved directly in any settlement negotiations does

not make Attorney Mullis the sole source of information. Defendant's own employees, or the attorneys noted above, may be able to answer all of its questions regarding the facts and circumstances surrounding the settlement negotiations. Moreover, Defendant may obtain the identities of any parties that Plaintiff or her counsel had communications with regarding settlement or Spears's criminal proceedings by simply asking for the information via an interrogatory. A deposition is not needed solely for this purpose.

Defendant then argues that if it were to depose these other individuals, it would only get "their version of events," and the only way to get Attorney Mullis's "version" is to depose her. The Court reiterates, however, that this is not the applicable analysis. The Court's task is to determine whether the facts and circumstances surrounding the negotiations were peculiarly within Attorney Mullis's knowledge. As the communications involved multiple parties, the Court finds that none of the information sought falls into that category. The mere fact that Defendant desires to get Attorney Mullis's "version of events" is not enough to meet Defendant's burden. Accordingly, because Defendant has not shown that there are no other means for obtaining the discovery it seeks, the Court finds that its motion to compel should be denied.

Finally, Defendant has also asserted that Attorney Mullis was involved in communications with Spears's criminal counsel, Attorney Ballenger, regarding the felony DUI case against Spears. It is unclear how the facts and circumstances regarding these discussions would have any bearing on Plaintiff's bad faith refusal to settle claim against Omni. Nevertheless, to the extent any information regarding Attorney Mullis's communications with Attorney Ballenger would be discoverable, the Court reiterates that Attorney Mullis is not the sole source of knowledge regarding these communications either. As Defendant noted in its brief, Attorney Ballenger has complied with a subpoena from Defendant, providing copies of email exchanges between him and Attorney

Mullis.  *See* ECF No. 55 at 4 n.6.  Defendant, however, has not attempted to depose Attorney Ballenger.

Accordingly, in light of the analysis above, the Court finds that compelling the deposition of Attorney Mullis would be inappropriate.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Omni's motion to compel is **DENIED**.

**IT IS SO ORDERED.**

                                            s/ R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

Florence, South Carolina
April 29, 2015